IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 06-669 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISCLOSE COOPERATING WITNESS AND OTHER INFORMATION** |
| v. | |
| JOSE HUERTA, | |
| Defendant. | |
| _____ / | |

On December 1, 2006, the Court heard oral argument on defendant's motion for disclosure. Defendant seeks an order compelling the government to disclose the identity, birthdate and address of a confidential informant in this case, as well as other information regarding the informant. Specifically, defendant also seeks (1) a list of all investigations in which the informant has participated; (2) the informant's statements to and communications with the government regarding this case; (3) the informant's criminal records; (4) information about promises and consideration given to the informant; and (5) "all other evidence relevant to the informant's credibility and reliability."

The government opposes defendant's motion, generally contending that defendant has not met his burden to demonstrate a need for the information sought. In addition, according to the government's opposition, the government has already provided or shortly will provide certain information about the informant to the defense.[1] The government also states that it will comply with its obligations under

---

[1] The government states that it has informed defendant that (1) the informant is "working off a case," and is not a paid informant; and (2) the government has inquired of the case agents and officers whether they are aware of any instances in which the informant has been dishonest, unreliable or untruthful, and that all responded that they knew of no such instances in this or any other case. Opposition at 3. At the December 1, 2006 hearing, the parties informed the Court that the government has provided Rule 16 discovery to defendant.

*Brady* and *Giglio* to provide information that tends to impeach the informant, and proposes to provide such information two weeks before trial. The government also states that it will provide defendant with a list of all cases in which the informant has testified or provided a declaration, and the details of any instances in which the informant was found to be untruthful or dishonest. Finally, the government states that if defense counsel wishes to interview the informant, the government will convey that request to the informant.

The Court has discretion to compel disclosure of an informant's identity. *See United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989) (citing *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir.1986)). The Ninth Circuit has articulated three factors courts should consider when determining whether to order disclosure of an informant's identity: "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure." *United States v. Gonzalo-Beltran*, 915 F.2d 487, 498 (9th Cir. 1990).

The Court concludes that these factors weigh in favor of disclosure of the informant's identity. Based on the record before the Court, it appears that the informant played an integral role in the investigation leading to defendant's arrest, and the informant was a witness and participant in the September 11, 2006 drug transaction charged in Count Two of the Indictment. Further, disclosure will allow defendant to gather information relevant to an entrapment defense, as well as to discover the informant's bias, if any.[2] The government has not made any showing that disclosure would compromise the informant's safety, and in any event, those concerns will be addressed by a protective order.

Thus, on balance, the Court finds that immediate disclosure of the informant's identity, address, phone number, and birthdate is warranted, and GRANTS defendant's motion to that extent. *See Rovario v. United States*, 353 U.S. 53, 60-61 (1957) ("Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a

---

[2] The Court notes that the parties have advanced differing versions of the extent of the informant's contacts with defendant. Defendant asserts that the informant repeatedly initiated contact with defendant, including through unsupervised telephone calls, and that defendant failed to return the informant's calls on several occasions. Thus, the informant's testimony could be relevant to an entrapment defense.

fair determination of a cause, the privilege must give way."); *United States v. Ordonez*, 737 F.2d 793, 808-09 (9th Cir. 1984).  As discussed at the hearing, the Court also GRANTS defendant's motion to compel the government to provide information regarding the case the informant is "working off."  The parties shall meet and confer regarding the type of information to be provided, and if the parties are unable to agree, may file an appropriate motion with the Court.  All information provided pursuant to this order shall be subject to a protective order that will be submitted by the parties.

With respect to the balance of the information sought, the Court finds sufficient the government's representation as to what material it has already produced, as well as the government's stated intention to produce all *Brady* and *Giglio* material.  Accordingly, the Court DENIES the remainder of defendant's motion. (Docket No. 14).

**IT IS SO ORDERED.**

Dated: December 1, 2006

SUSAN ILLSTON
United States District Judge